WILLIAM PHILLIPS v. GEORGE A. AND DANIEL A. PATILLO.

See this case as to pleas of failure of consideration, set-off and reconvention.

It was no ground for striking out the amended answer, that the plaintiffs had announced themselves ready for trial. The amendment contained no new matter which was calculated to take the plaintiffs by surprise; it would not have operated to delay the trial; and whether necessary or not, it was not improper or liable to objection.

Appeal from Jefferson. Tried below before the Hon. J. M. Maxey.

Suit by appellees against appellant on a promissory note for $993 98, payable to plaintiffs. Answer of general demurrer; general denial; and special pleas as follows:

And for further plea and answer this defendant says, that the consideration for which said note, in plaintiff's petition mentioned and described, was executed and delivered, has wholly and entirely failed; because he says, that part and parcel of the consideration, for which said note was given, was the sale by plaintiff to your petitioner of sixty-five tier of cypress logs, which said Patillo and son then declared that

they had in the Neches bottom, and promised to deliver to this defendant, but which timber and tiers of logs said Patillo and son, though requested, did not have or possess at all, but wholly failed to deliver to this defendant, and which were of the value of $130.

And this defendant further avers that another part and parcel of the consideration for which said note was executed, was the sale to this defendant by said plaintiffs, on the day of the date of said note, of seventy-five cypress logs, of the value of $150, which the said Patillo and son then pointed out and showed to your petitioner, and told him he could take, and sold to him for the said sum of $150, but which the said plaintiffs, two days thereafter, took into their possession, floated down the river and appropriated to their own use, and deprived your petitioner of the use and benefit thereof.

And this defendant further avers that the remaining part of the consideration for which said note was given, was the sale to this defendant of two-thirds interest in a steam saw mill; that it was, at the time and before the execution of said note, expressly agreed that said plaintiffs should wait and forbear to sue, and indulge this defendant until the profits, arising from the running of said mill, would be sufficient to pay said note, or so much thereof as remained after deducting from the whole amount thereof the value of the logs aforesaid, and that this defendant should run said mill, and saw timber and make lumber in Orange county at Patillo's bluff; that, after the purchase of said mill by this defendant, he began to run said mill at Patillo's bluff, in accordance with said contract, but that said plaintiffs in order to vex, harass and injure this defendant, and to prevent him from running said mill, or making and enjoying profits therefrom, emptied and destroyed one barrel of lard oil, the property of this defendant, on the day and year last aforesaid, to-wit: on the 21st day of July, 1855, which oil was of the value of $50; and then and there punched holes in and injured lead pipes, necessary

to the running said mill, by which this defendant was damaged in the sum of $50 ; and then and there cut the strings and belting of said mill, by which this defendant sustained damage in the sum of $100 ; and then and there injured the machinery of said mill by breaking screws, &c., by which this defendant was injured in the sum of $200 ; by all of which means and acts of said petitioners, this defendant was unable to make said mill profitable at all, or to pay said note from it, and sustained damage in the sum of one thousand, three hundred and thirty dollars. Therefore he reconvenes, and prays judgment against said defendants'for the sum of three hundred and thirty-six dollars and two cents.

Plaintiffs excepted to the special pleas, on the ground that they set up failure of consideration, and had not been sworn to ; and that they attempted to set off unliquidated damages against a liquidated demand.

Exceptions sustained. Defendant then asked leave to amend by withdrawing all after the general denial in answer and filing other pleas. The first was substantially the same as in first answer, but more specific ; the second alleged that plaintiffs received the said seventy-five logs from defendant, and promised to pay him therefor $150, but had failed, &c.; the third claimed $50 for a barrel of lard oil of defendant, converted by plaintiffs to their own use; the fourth was same, substantially, as in first answer, but more specific. To this answer the plaintiffs excepted, on several grounds ; but a bill of exceptions stated that exceptions thereto were sustained on the ground that it was filed after the plaintiffs had announced themselves ready for trial. Verdict and judgment for plaintiffs, &c.

*H. N. & M. M. Potter*, for appellant.

WHEELER, J. The answer contained matters of defence to the action, which were well pleaded ; and there was error in

sustaining the plaintiffs' exception. (Sterrett v. Houston, 14 Tex. R. 163 ; Alexander's Dig. Tit. " Reconvention.")

It was no ground for striking out the amended answer, that the plaintiffs had announced themselves ready for trial. The amendment contained no new matter which was calculated to take the plaintiffs by surprise ; it would not have operated to delay the trial ; and whether necessary or not, it was not improper or liable to objection.

The judgment is reversed and the cause remanded.

Reversed and remanded.