## E. SLAUGHTER AND OTHERS v. J. P. HAILEY.

Where a plea in reconvention is filed by a defendant, arising out of a particular cause of action, several being set up in the petition, and afterwards the plaintiff discontinues as to the one with which the matter pleaded in reconvention is connected, it is error to dismiss the plea in reconvention as irrelevant. The defendant having no right to object to the discontinuance by the plaintiff, of course it is not necessary that it should appear upon the record that he did so.

Error from Panola.   Tried below before Hon. C. A. Frazer.

The ruling of the Court below to the consideration of which the Opinion is confined, is therein stated.

*C. D. Moore,* for defendant in error.

ROBERTS, J.   Defendant in error, Hailey, brought an action against plaintiff in error, upon a promissory note, as surviving partner, and upon an account in his own right.   Plaintiff in error pleaded in reconvention that since the commencement of this suit, defendant in error had caused suit to be instituted, in the State of Louisiana, on this same account, in which he had procured to be wrongfully, maliciously and oppressively issued a writ of attachment, which was levied on plaintiff in error's property, &c., by which he had been damaged five hundred dollars.   To this plea, defendant in error filed a general exception, and also a special exception that it was not "relevant to the issue."

Upon the trial, the defendant in error "abandoned the account sued on in his individual capacity," and his exceptions

were sustained to the plea in reconvention, to which ruling of Court, in sustaining the exceptions, the plaintiff in error excepted. This is assigned as error.

The plaintiff in error was not bound to object to the course of the defendant in error, in abandoning his action on his account. The discontinuance of it did not dismiss the plea in reconvention. It was a cross action arising out of matters connected with this account. The cross action when filed was proper, and nothing that defendant in error could do afterwards would defeat it. (Eggery v. Power, 5 Tex. R. 501.)

It is not to be inferred that plaintiff in error consented to his plea being dismissed, by its not being stated on the record that he objected to defendant in error's act of abandoning his account. To that he had no right to object. But he did object to his plea being dismissed.

The plea is not liable to the objection of being irrelevant; and though the facts are somewhat generally stated, they constitute a good plea in reconvention.

Judgment reversed and cause remanded.

Reversed and remanded.