McDONNELL & Co. v. HOME BITTERS Co.

(No. 1948, Op. Book No. 2, p. 443.)

APPEAL from Travis County.   Opinion by WALKER, R. S., P. J.

§ **1159.** *Statute of frauds; contract not to be performed within one year, etc.*   An agreement which may or may not be performed within a year is not required by the statute of frauds to be in writing; it must appear from the agreement itself that it is not to be performed within a year.   [Thouvenin v. Lea, 26 Tex. 614; Roberts on Frauds, 188; 18 Pick. 364; 1 Root, 150; id. 89; 12 Conn. 455; 10 Johns. 244; Thomas v. Hammond, 47 Tex. 46.] Whatever may be the rule when the contingency is beyond the control of the parties, there is no doubt that when they have the power to perform the contract within the year, it will not be invalid because it was meant to

continue and has actually continued during a much longer period. [Peter v. Compton, 1 Smith's Lead. Cases, p. 439; 10 Johnson, 244.] Nor does the statute extend to contracts which are wholly executed on one side, although they may be executory on the other. [7 Ala. 171; 1 Kelly, 348.] And no contract is within the statute which can be executed on either side within the year, even if it must remain open on the other for a much longer period. [1 Fairfield, 31; 3 B. & Ad. 899.]

§ 1160. *Reconvention; nature and extent of right of.* The test of determining whether or not a plea in reconvention is sufficient is not confined merely to the facts of the case as they are stated and made by the plaintiff in setting forth his cause of action; nor is it essential that the right to reconvene should grow out of the immediate and specific transaction on which the suit is brought. That immediate and specific transaction may constitute a segment merely of an entire circle; it may be directly connected with and a part of a larger and more extensive contract; it may be but an item, as it were,—a part in detail, which exists under continuing transactions, all of which may have originated under and had their growth under a general contract between the parties. If such be the case, it is competent for the defendant to allege and prove, as the basis of his rights, such relationship between the action brought against him and the other transactions, and if the connection established between them is such as will show that the facts alleged against him are but filaments and threads which are attached to a contract, which he has a right to have considered as a part of and connected with the one sued on, in every and any proper sense, his claim for damages for the breach of the other is but averring a breach in effect of that which is sued on. The following decisions of our supreme court are referred to as illustrative of the principles of law governing reconvention: Egery v. Power, 5 Tex. 501; Walcott v. Hendrick, 6 Tex. 406; Bradford v. Hamilton, 7 Tex. 55; Cannon v. Hemphill, 7 Tex. 184;

Castro v. Gentiley, 11 Tex. 28; Sterrett v. Houston, 14 Tex. 153; Phillips v. Patillo, 18 Tex. 518; Brady v. Price, 19 Tex. 285; Carothers v. Thorp, 21 Tex. 358; Slaughter v. Hailey, 21 Tex. 537; Duncan v. Magette, 25 Tex. 245; Hamilton v. Van Hook, 26 Tex. 302; Heilbroner v. Douglass, 45 Tex. 402.

In this case appellee sued appellant upon an account for $465, the alleged value of one hundred cases of "Home Bitters." Appellant pleaded that he received the goods not in the usual course of trade, but under a special contract made with appellee, by the terms of which appellant was appointed by appellee sole agent for the sale of the "Home Bitters" in Austin and in the territory west of the Brazos river; that the goods sued for were ordered and received by them as agents under said contract; that appellee had violated said contract by various acts specially set out, to appellant's damage, etc. The court below overruled exceptions to the answer, but excluded all evidence offered by appellant in support of the plea in reconvention, upon the ground that the contract was a verbal one and not to be performed within one year, and was therefore invalid under the statute of frauds. Appellee recovered judgment for the full amount of its demand.

June 8, 1881.         Reversed and remanded.

NOTE.— Upon a second trial in the court below, the appellants McDonnell & Co. recovered judgment against appellee upon their plea in reconvention, and upon a second appeal to this court, at the Austin term, 1883, the judgment was affirmed without a written opinion.