BRITTON & MAYSON V. P. H. THRASH.

(No. 1479, Op. Book No. 2, p. 567.)

APPEAL from Hood County.    Opinion by WATTS, J.

§ **1237.** *Reconvention; derivation and nature of.*    The remedy by plea in reconvention is derived from the civil law, and our statute does not give, but simply regulates, the remedy.    To entitle a party to reconvene, his demand need not be liquidated; it is sufficient if it arises out of, or is incident to or connected with, the cause of action sued upon.    [R. S. 650; Walcott v. Hendrick, 6 Tex 406;

Egery v. Power, 5 Tex. 501; Phillips v. Patillo, 18 Tex. 518.]

§ 1238. *Character; evidence of, admissible when.* The general rule in civil suits is that evidence to prove the general character of a party to a suit is not admissible. Where, however, the nature of the action involves the general character of a party, or goes directly to affect it, such evidence is admissible. [1 Greenl. Ev. § 54.] The nature of the action and the issues involved determine the admissibility of this class of evidence.

§ 1239. *Argument of counsel; discretion of court.* As to what shall or shall not be read in argument is left to the discretion of the court below, and this discretion will not be revised unless a palpable abuse of it is made to appear.

October 3, 1881.                                        Affirmed.

NOTE.— QUINAN, J., did not concur in the conclusion of the court that the evidence sustained the judgment. He was of the opinion that the judgment was not supported by the evidence, but he concurred in the conclusions of law above stated.