**Ex parte Sarah Jo Ann Robertson HELLE, Relator.**

**No. 705.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 29, 1972.

Rehearing Denied March 16, 1972.

Adams, Graham, Lewis, Jenkins & Graham, John E. Lewis, Tony Martinez, McAllen, for relator.

Dunnam, Dunnam & Dunnam, W. V. Dunnam, Jr., Waco, for appellee.

## OPINION

BISSETT, Justice.

This is an original habeas corpus proceeding arising as a result of a contempt order entered against the plaintiff in a child custody case. Sarah Jo Ann Robertson Helle, plaintiff in the child custody case

and relator herein, was taken into custody by the Sheriff of Hidalgo County, Texas, on January 5, 1972, by virtue of a commitment issued by the District Clerk of McLennan County, Texas, on November 24, 1971.

Relator was adjudged to be in contempt of court by the 19th District Court of McLennan County, Texas by an order of that Court issued on October 15, 1971, whereby it was found that she had willfully violated a previous order of that Court, made on September 14, 1971, in that she had failed and refused to bring her children before it on September 21, 1971, as ordered. She was committed to the county jail of McLennan County for 72 hours, and to remain in jail until she complied with that court's order.

■ Our original jurisdiction has been invoked under the provisions of Article 1824a, Vernon's Ann.Civ.St. Ex parte Williams, 469 S.W.2d 449 (Tex.Civ.App.—Beaumont 1971, n.w.h.); Ex parte Howe, 457 S.W.2d 642 (Tex.Civ.App.—Houston 1st 1970, n.w.h.). In order for the contempt judgment to be subject to collateral attack, it must be absolutely void and not voidable. Ex parte Rhodes, 163 Tex. 31, 352 S.W.2d 249 (1962); Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833 (1953).

This Court granted relator's application for writ of habeas corpus, and admitted her to bail upon a bond of $1,000.00 pending a hearing of the cause.

The relator will be ordered discharged from the custody of the Sheriff of Hidalgo County, Texas, as we are of the opinion that the 19th District Court of McLennan County, Texas, was without jurisdiction to render the contempt order of October 15, 1971, because both the order that relator allegedly violated as well as the contempt order itself were rendered in a cause after the court had entered an order of dismissal therein and subsequent to the time that relator, as plaintiff, had moved for a non-

suit. At the time of the non-suit and of the dismissal, no effective child custody order in the cause then pending had ever been rendered by that court. Relator had an absolute and unqualified right to a non-suit as she made a motion therefor at a time when the defendant in the cause had not filed any pleading seeking affirmative relief and before any decision was announced by the judge.

The judicial history of the present controversy is quite complicated and may be best understood by setting forth the pertinent events in chronological order.

Early G. Robertson was awarded a divorce from relator on July 14, 1969 by the 93rd District Court of Hidalgo County, Texas. The decree entered by that court awarded the custody of their minor children to Early G. Robertson, with relator being granted reasonable visitation rights.

On August 14, 1970, relator, as plaintiff, filed suit in the 19th District Court of McLennan County, Texas (hereinafter referred to as the 19th District Court) against Early G. Robertson (her former husband), as defendant, for a re-adjudication of the custody of their minor children. The suit was docketed as Cause No. 61204. Plaintiff alleged that conditions had materially changed since the entry of the judgment by the 93rd District Court of Hidalgo County, Texas. She prayed for temporary custody of the children pendente lite, and for their permanent custody upon final hearing.

On the same day that suit was filed in the 19th District Court, the judge placed temporary custody of the children with relator, pending a hearing. That order of temporary custody was set aside by the 19th District Court on August 20, 1970.

Early G. Robertson, defendant, filed a general denial on August 28, 1970. No other pleadings were filed until August 16, 1971, when the defendant filed his first amended original answer consisting of a

general denial and the following allegation:

"By way of cross action, defendant shows that there has been no material change of conditions or circumstances pertaining to said children or defendant's custody of them and he is entitled to declaratory judgment that there has been no such change since the date of the rendition of judgment in Cause No. B–24825 in the 93rd Judicial District Court of Hidalgo County, Texas, wherein custody of said children was vested in defendant."

The pertinent parts of defendant's prayer read as follows:

"WHEREFORE, defendant prays that plaintiff be denied all relief herein, that he have judgment adjudging and declaring that there has been no material change of circumstances or conditions pertaining to said children, their welfare or defendant's custody of them since the date of the final judgment in said cause No. B–24825 in the 93rd District Court of Hidalgo County, Texas. . . ."

On August 18, 1971, the 19th District Court entered an order dismissing Cause No. 61204, reciting ". . . the Plaintiff, acting by and through her attorney, requested leave to take a non-suit, and it appearing to the Court that such request should be granted; . . ."

On August 20, 1971, Early G. Robertson filed a motion to set aside the aforesaid dismissal and to reinstate the cause, alleging that at the time of the dismissal he had pending in said cause a cross-action against plaintiff, wherein he sought affirmative relief, and that the dismissal was entered without notice to him. The court granted this motion, set aside the previous order of dismissal and reinstated the cause by order entered on August 23, 1971.

The next day, August 24, 1971, at 1:27 p. m., plaintiff filed a written motion for a non-suit, which was never ruled on by the court.

Also, on August 24, 1971, but at 4:26 p. m., and after the filing of plaintiff's motion for non-suit, Early G. Robertson, filed a sworn petition for temporary restraining order and temporary injunction, alleging that Sarah Jo Ann Robertson Helle was presently withholding the physical custody of the children from him. He prayed that she be ordered to bring the children before the court.

On September 14, 1971, the 19th District Court temporarily restrained relator from withholding custody of the children from defendant, Early G. Robertson, and ordered that "she bring said children before this Court at 1:30 p. m. on September 21, 1971, then and there to deliver same unto Early G. Robertson and abide further orders of this Court and show cause, if any, why said temporary restraining order should not be made into a temporary injunction according to the same terms thereof." A copy of the above order was served on relator on September 20, 1971 by the sheriff of Hidalgo County, Texas. She did not appear before the 19th District Court of McLennan County, Texas, on September 21, 1971 at 1:30 p. m.

Thereafter, on September 30, 1971, relator was ordered by the court to appear before it on October 15, 1971, to show cause, if any, why she should not be found and held in contempt of court for willful violation of the court's order made on September 14, 1971. This order was served on her by the sheriff of Hidalgo County, Texas, on October 4, 1971. She did not appear at the appointed time, and the court, by order entered on October 15, 1971, found and held her to be in contempt of court for willfully violating its order rendered on September 14, 1971.

Relator, on October 15, 1971 and before the contempt order was issued, filed a plea to the jurisdiction of the 19th District Court, stating that she "makes this special appearance pursuant to Rule 120a of the Texas Rules of Civil Procedure for the sole purpose of challenging the jurisdiction

of this court over the person, Sarah Jo Ann Robertson Helle, and to the court's jurisdiction to hold her in contempt. . . ." She alleged that the court had no jurisdiction to hold her in contempt for failure to abide by the said order of the court. She prayed for a hearing on the plea to the jurisdiction and that, upon hearing, the entire proceeding be dismissed for want of jurisdiction over her person. No such hearing was had on the plea to the jurisdiction prior to the entry of the commitment order or to the filing of relator's petition for a writ of habeas corpus in this Court.

At the outset, we observe that the judgment entered by the 93rd District Court of Hidalgo County, Texas awarding the custody of the children involved in Cause No. 61204, in the 19th District Court of McLennan County, Texas, to Early G. Robertson was final when relator filed her suit for re-adjudication of their custody. That judgment remains in full force and effect until superseded by a subsequent judgment entered in a new and independent action for change of custody. Dannelley v. Dannelley, 417 S.W.2d 55 (Tex.Sup. 1967). A divorce court has continuing exclusive jurisdiction over contempt proceedings instituted to enforce a judgment of that court. Boney v. Boney, 458 S.W.2d 907 (Tex.Sup.1970).

Unquestionably, the 19th District Court had potential jurisdiction over both relator and the children from the time suit was filed until relator moved for a non-suit. During that interval it could have issued its own order concerning the children, including an order requiring relator to bring the children into court and to deliver them to Early G. Robertson. It did not do so. The court could have ordered her to deliver the children to Early G. Robertson in connection with an order granting the non-suit and dismissing the suit. Ex parte Brown, 382 S.W.2d 97 (Tex.Sup.1964). It did not do so. No order of the 19th District Court relative to the custody of the children was in effect when relator moved

for a non-suit. The interlocutory order placing temporary custody of the children with relator, made on August 14, 1970, was nullified when it was set aside on August 20, 1970. Custody of the children was, at all times pertinent to this proceeding, in Early G. Robertson under the provisions of the divorce decree of the 93rd District Court.

There are two questions of paramount importance that must be answered by us. First, was relator entitled as a matter of right to a non-suit in Cause No. 61204? Second, if she was so entitled and after she had moved for a non-suit, then did the court retain jurisiction over her person so that it could thereafter order her to bring the children before the Court? We answer the first question in the affirmative and the second in the negative.

Good faith has been held to be a limitation upon the right to take a non-suit. J. A. Walsh & Co. v. R. B. Butler, Inc., 260 S.W.2d 889 (Tex.Civ.App.—Waco 1953, writ dism'd, w.o.j. 152 Tex. 601, 262 S.W.2d 952, 1953). Bad faith or ulterior motives on the part of plaintiff (relator) in moving for the non-suit is not established. Rule 164, T.R.C.P., grants the plaintiff the right to take a non-suit at any time before the trial court announces his decision in a non-jury case, but further provides that the plaintiff (by taking the non-suit) shall not "thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief". The rule is to be liberally construed. Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S. W.2d 727 (1947).

The right to take a non-suit when affirmative relief is not sought by defendant is absolute and cannot be denied by the trial court. Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600 (1944); Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22 (1931); State v. Roberson, 409 S.W.2d 872 (Tex.Civ.App.—Tyler 1966, n.w.h.).

■ The word "decision" as used in the rule means before judgment is rendered. Corder v. Corder, 189 S.W.2d 100 (Tex. Civ.App.—El Paso 1945, writ ref'd); White Oak Common School Dist. No. 19, Hardin County v. Overstreet, 397 S.W.2d 334 (Tex.Civ.App.—Beaumont 1965, writ dism'd).

■ If the plaintiff asks for a non-suit at a time when he is entitled thereto, no further pleading or objection on the defendant's part can affect plaintiff's right to the non-suit. Slaughter v. Hailey, 21 Tex. 537 (1858). And this is so irrespective of when the motion for non-suit is acted upon by the trial court. Cape Oil Company v. Williams, 427 S.W.2d 122 (Tex. Civ.App.—Tyler 1968, n.w.h.); Dannelly v. Jeffrey, 283 S.W. 351 (Tex.Civ.App.—Austin 1926, n.w.h.). The defendant cannot force a plaintiff to prosecute his cause of action or continue his litigation. Atlantic Oil Producing Co. v. Jackson, 116 Tex. 570, 296 S.W. 283 (1927); Cooper v. Colorado & S. Ry. Co., 298 S.W. 612 (Tex. Civ.App.—Waco 1927, n.w.h.).

We have found no rule that would make a custody suit an exception to Rule 164, T.R.C.P. See Aubey v. Aubey, 264 S.W.2d 484, 488 (Tex.Civ.App.—Beaumont 1954, n.w.h.).

In Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427 (1891), our Supreme Court, in recognizing the existing rule that it is only when the defendant seeks some "affirmative relief" that the right of the plaintiff to discontinue the entire cause of action is forbidden, said:

". . . The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff, for his own protection, to dismiss the suit. . . ."

■ When we examine the pleadings of Early G. Robertson filed on August 16, 1971 in the 19th District Court of McLennan County, Texas, we find that he pleaded purely defensively and not offensively. He did not allege any facts showing that he had a cause of action against Sarah Jo Ann Robertson Helle. He already had custody of the children under the decree of the 93rd District Court of Hidalgo County, Texas. If the suit in the 19th District Court had been prosecuted to judgment, the only judgment that Early G. Robertson could have obtained upon his pleading was that the plaintiff (Sarah Jo Ann Robertson Helle) take nothing by her suit for re-adjudication of the custody of the children, and this was exactly the effect of the non-suit. His right to oppose Sarah Jo Ann Robertson Helle's motion for non-suit must depend solely upon facts which he alleged in his pleading, denominated his First Amended Answer, filed on August 16, 1971, and now asserted by him to be a cross-action seeking affirmative relief. The allegation "there has been no material change of conditions or circumstances pertaining to said children" and that he "is entitled to a declaratory judgment that there has been no such change" are not averments of fact upon which any affirmative relief could be awarded. They are mere conclusions, the former a conclusion of fact and the latter a conclusion of law. The prayer cannot be construed as one for affirmative relief, and it must be considered in the light of the general purpose of the pleadings, which was defensive only. The pleading is not a cross-action even though the phrase "by way of cross-action" is used therein. The question of whether a pleading sets up a cross-action or is defensive must be determined by the facts alleged, and not by the name given the plea, or by the form of the prayer for relief. E. E. Farrow Co. v. United States Nat. Bank of Omaha, 358 S.W.2d 934 (Tex.Civ.App. —Waco 1962, n.w.h.); 52 Tex.Jur.2d, Set-off, Counterclaim and Cross-Actions, §§ 4–6, 55–56, pp. 186–189, 259–263.

In the case of Ex parte Norton, 118 Tex. 581, 17 S.W.2d 1041 (Tex.Com. App.1929, opinion adopted), it was held that the right of a plaintiff in a divorce

case to take a non-suit and dismiss the cause was absolute; and when an announcement of a desire to do so was made by plaintiff in open court, it ended the jurisdiction of the court over the cause, and the court no longer had the power to enforce its previous orders allowing alimony. See State ex rel. Dishman v. Gary, 359 S. W.2d 456 (Tex.Sup.1962); 17 Southwestern L.J. 678 (1963).

Norton's case would seem conclusive of the question before us unless a valid distinction can be made between that case and this one based upon this case being a custody case wherein the order was issued subsequent to the motion for non-suit. We do not believe that any such distinction can be made. Relator had a legal right to file the suit. She had a corresponding legal right to a non-suit under the circumstances shown. At the time she availed herself of that right, the 19th District Court had not ordered her to bring the children before it. The controversy concerning custody of the children became moot upon the announcement that relator wished to take a non-suit and the entry of the court's order of dismissal on August 18, 1971. The only valid custody order in existence at that time was the aforesaid order of the 93rd District Court that Early G. Robertson could have enforced had he so elected. The order made by the 19th District Court on September 14, 1971 was not made incidental to the granting of a non-suit. No legal basis is shown for a continuing jurisdiction of either the cause or the person of relator from and after the motion for non-suit was made. The court had no alternative other than to grant the non-suit and dismiss the cause, which it did. Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949 (1936).

The relator had the right to a non-suit, and thus end the change of custody proceedings. The trial court could not prejudice her rights by attempting to reinstate the cause or by the entry of any subsequent orders in the cause. The rule is well settled in this State that a person may not be held in contempt for violating an order which a court had no power to enter,

and may not be imprisoned to compel obedience to that order. Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800 (1958). In this case the relator is adjudged in contempt of an order that was entered more than three weeks after she had moved for a non-suit.

Neither the motion to reinstate the cause, filed by Early G. Robertson, defendant, nor his pleadings then on file, afforded a legal basis for the order setting aside the dismissal and reinstating the cause. No other reason is apparent, for in the order issued pursuant to the motion for reinstatement, it is stated: "And this Court being of the opinion that said motion should be granted, does hereby set aside the Dismissal entered herein on August 18, 1971 and Reinstate said cause as it existed prior to entry thereof." The filing of the special pleading after relator had moved for a non-suit did not reconfer jurisdiction of the cause in the 19th District Court. It was error for the court to set aside the dismissal and to reinstate the cause.

We hold that the contempt order issued by the 19th District Court of McLennan County, Texas on October 15, 1971 is void.

Relator is ordered discharged from the restraint of the void judgment.