**PROGRESSIVE INSURANCE COMPANIES and William O. Ford, Relators,**

v.

**The Honorable Merrill HARTMAN, Judge of the 192nd Judicial District Court in and for Dallas County, Texas, Respondent.**

No. 05–90–00210–CV.

Court of Appeals of Texas, Dallas.

April 6, 1990.

Elizabeth G. Storm, Dallas, for relators.

Katherine A. Kinser, Dallas, for respondent.

Before BAKER, KINKEADE and OVARD, JJ.

## OPINION

BAKER, Justice.

Progressive Insurance Companies and William O. Ford seek a writ of mandamus compelling the Honorable Judge Merrill Hartman to vacate his order denying relators' motion to nonsuit and to dismiss relators' case without prejudice. We conditionally grant the writ.

On August 14, 1988, Ford was involved in an auto accident in which Mary Mitchell died. Mitchell's husband, children, and parents survived her. After unsuccessful settlement negotiations with Mitchell's survivors, relators filed an interpleader action in January 1989. In March 1989, on relators' motion, Katherine Kinser was appointed attorney ad litem for the two minor defendants, Jason Derriel Mitchell and Wesley Bernard Mitchell. On October 26, 1989, Kinser filed a motion for appointment as guardian ad litem for the two minor defendants. Without specifying any facts or cause of action, Kinser asserted that she had researched the claims of each party defendant, concluded that the claims of the defendants were competing, and asked the court to appoint her as guardian ad litem for the two minor defendants. On November 3, 1989, Progressive and Ford filed a motion to nonsuit their interpleader. On November 16, 1989, Kinser filed a counterclaim on behalf of the minor defendants. On November 30, 1989, Judge Hartman entered an order denying the motion to nonsuit.

■ A plaintiff has an absolute, unqualified right to take a nonsuit upon timely motion as long as the defendant has not made a claim for affirmative relief. *McQuillen v. Hughes*, 626 S.W.2d 495, 496 (Tex.1981) (per curiam). The granting of a nonsuit is merely a ministerial act. *Shadowbrook Apartments v. Abu–Ahmad*, 783 S.W.2d 210, 211 (Tex.1990) (per curiam). A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, *filed pleadings* seeking affirmative relief. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982) (per curiam). It

is only when the defendant, by a *counterclaim*, seeks some affirmative relief that the right of the plaintiff to discontinue the entire cause is forbidden. The defendant must not only pray for affirmative relief, but *he must state facts showing that he has a cause of action*. *Greenberg*, 640 S.W.2d at 872.

Moreover, rule 162 of the Texas Rules of Civil Procedure is construed liberally in favor of the right to nonsuit. *Greenberg*, 640 S.W.2d at 872. Rule 162 provides, in pertinent part: "Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a *pending* claim for affirmative relief...." Tex.R. Civ.P. 162 (emphasis added). Additionally:

> If the plaintiff asks for a non-suit [sic] at a time when he is entitled thereto, no further pleading or objection on the defendant's part can affect plaintiff's right to the non-suit [sic].... And this is so irrespective of when the motion for nonsuit [sic] is acted upon by the trial court.... The defendant cannot force a plaintiff to prosecute his cause of action or continue his litigation.

*Ex parte Helle*, 477 S.W.2d 379, 384 (Tex. Civ.App.–Corpus Christi 1972, orig. proceeding).

■ *Greenberg* requires pleadings that state facts showing a cause of action. Kinser argues that the question of whether a pleading is an affirmative claim for relief must be determined by the facts alleged and not by the name given the plea or by the form of the prayer for relief. *Ex parte Helle*, 477 S.W.2d at 384. Kinser's motion does not allege facts showing a cause of action. Kinser's motion does not meet the *Greenberg* requirements. *Greenberg*, 640 S.W.2d at 872. Furthermore, Kinser admits that her November 16 counterclaim was neither filed nor pending at the time relators filed their motion to nonsuit. Kinser's counterclaim was not timely. *See Greenberg*, 640 S.W.2d at 872. Tex.R. Civ.P. 162. A counterclaim filed after the motion to nonsuit is ineffective. *Ex parte Helle*, 477 S.W.2d at 384.

■ Kinser argues that relators' petition for interpleader admits that there are

conflicting claims. Kinser maintains that the very nature of an interpleader establishes the existence of adverse claims for affirmative relief and that the defendants can obtain relief without having to file any further pleadings. Kinser cites no authority for these propositions. The existence of adverse claims is not sufficient to deprive a plaintiff of its right to nonsuit. *Greenberg* and rule 162 require that the adverse claims actually be filed and pending at the time plaintiff files its motion to nonsuit. Furthermore, rule 43 of the Texas Rules of Civil Procedure expressly requires a defendant to interplead its claims. TEX.R.CIV.P. 43 ("Persons having claims against the plaintiff may be joined as defendants and required to interplead ... their claims...."). A defendant cannot force a plaintiff to prosecute a suit against the plaintiff's own best interests. *See Ex parte Helle,* 477 S.W.2d at 384. We decline to treat an interpleader differently from other petitions.

■ Kinser argues that because relators have not filed certified or sworn copies of the relevant orders, they have not complied with rule 121 of the Texas Rules of Appellate Procedure. *See* Rule 121(a)(4) which requires that the petition for writ of mandamus shall be accompanied by a certified or sworn copy of the order complained of and other relevant exhibits. TEX.R.APP.P. 121(a)(4). We disagree. Relators' petition incorporated the orders and pleadings found in the appendix attached to the petition, and relators' attorney verified the petition. This is sufficient to comply with rule 121. *See Witherspoon v. Pouland,* 784 S.W.2d 951, 952–53 (Tex.App.—Dallas 1990, orig. proceeding); *Walker v. Miller,* 729 S.W.2d 120, 122 (Tex.App.—Dallas 1987, orig. proceeding).

■ Relying upon *Prather v. McNalley,* 757 S.W.2d 124, 135 (Tex.App.—Dallas 1988, no writ), Kinser argues that relators have failed to file a complete record. She contends this Court should presume that the missing portions of the record support the trial court's judgment. *Prather* is distinguishable. *Prather* involved an appeal; this is a mandamus proceeding. Rule 121(a)(4) of the Texas Rules of Appellate Procedure requires that a relator file the order complained of and other relevant exhibits. Relators have met this requirement.

■ Kinser cites two cases, *Ault v. Mulanax,* 724 S.W.2d 824 (Tex.App.—Texarkana 1986, orig. proceeding), and *Ex parte Brown,* 382 S.W.2d 97 (Tex.Civ.App.—Fort Worth 1964, orig. proceeding), for the proposition that a motion to nonsuit in a divorce case does not divest the trial court of jurisdiction to enter a temporary custody order. Relying on these cases, Kinser argues that the minor defendants deserve special protection. Kinser contends that if her minor clients had been adults, she could have filed her counterclaim instead of a motion for appointment of guardian ad litem and, thereby, filed the counterclaim before relators filed their motion to nonsuit. Kinser complains that the trial court did not rule on her appointment until after relators had filed their motion to nonsuit. *Ault* and *Brown* are distinguishable: The present action is not a divorce case and involves no custody issues. The considerations present in a child-custody suit are not present in this tort action.

We conditionally grant the writ of mandamus. If Judge Hartman fails to withdraw his November 30 order and fails to enter an order dismissing the interpleader, then the writ will issue.