**Reversed and Rendered and Opinion Filed May 6, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00024-CV

**TAHL BENIT, Appellant**
**V.**
**PRIMALEND CAPITAL PARTNERS, LP., Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-16217**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This is an appeal of a final judgment signed by the trial court that granted

summary judgment for appellee Primalend Capital Partners, LP. Appellant Tahl

Benit, by and through his assignee Meir Benit, raises two issues. We reverse and

render.

### BACKGROUND AND PROCEDURAL HISTORY

This is a commercial dispute between plaintiff and appellant Tahl Benit

(Tahl), the founder, former president, and owner of two automobile dealerships in

Ohio, and defendant and appellee Primalend Capital Partners, LP, a commercial

lender (Primalend). On October 4, 2019, Tahl filed his original petition asserting

causes of action against Primalend for breach of contract and conversion. Tahl was represented by the law firm of Shackelford, Bowen, McKinley, & Norton, LLP (the Shackelford firm). Primalend answered on November 25, 2019, alleging a general denial and various affirmative defenses.

On February 18, 2020, Derek D. Rollins of the Shackelford firm filed a motion to withdraw, asking that the court permit Rollins and the firm to withdraw as counsel for Tahl. On September 18, 2020, Primalend filed a motion for traditional and no-evidence summary judgment, based in part on deemed admissions. The following month, on October 14, 2020, the trial court signed an order granting the motion to withdraw.

The next day, October 15, Tahl's father, Meir Benit, and the Meir Benit Trust (Meir) filed a plea in intervention against Primalend. The intervention alleged that (1) Tahl assigned his claims to Meir and (2) Meir had independent claims against Primalend. The intervention was signed by Rollins of the Shackleford firm, which represented Meir. Meir moved on October 30, 2020, to strike the pending summary judgment motion, the deemed admissions, realign the parties, and dismiss Tahl as a party. The court held a hearing on the motion to strike and to realign on December 3, 2020, and it denied the motion.

The hearing on Primalend's summary judgment motion was scheduled for December 9, 2020. The evening before the summary judgment hearing, at 5:35 p.m. on December 8, Tahl nonsuited his claims, filing a notice of nonsuit without

–2–

prejudice.  The document bears the signature of Tahl as plaintiff pro se and was e-filed by Shackleford.  It appears in our clerk's record as follows:

Plaintiff *pro se* Tahl Benit hereby gives notice of his nonsuit without prejudice of his claims against Defendant Primalend Capital Partners, LP.

This nonsuit is effective immediately on the filing of this notice.

Respectfully submitted,

By:___*/s/ Tahl Benit*_____
   Tahl Benit

32651 Greystone Circle
Avon Lake, Ohio 44012
Email: t.benit@gmail.com

PLAINTIFF *PRO SE*

Primalend objected to and moved to strike Tahl's nonsuit, arguing first that the Shackelford firm lacked authority because the court had granted the firm's motion to withdraw as counsel for Tahl, and it no longer represented Tahl.  Second, Primalend argued the nonsuit appeared inauthentic because it was not signed by Tahl or any counsel representing him, and Tahl had not appeared pro se since the Shackelford firm's withdrawal.  Also, Primalend argued the nonsuit had the same "style of footer" as all other pleadings filed by the Shackelford firm and it appeared to be authored by the firm, which, again, no longer represented Tahl.  Primalend stated it had "serious . . . concerns about the authenticity and legitimacy of this filing," and the "eleventh-hour filing on the eve of summary judgment . . . only casts further suspicion on its authenticity."  Primalend asked the court to strike the nonsuit and grant its motion for summary judgment.  The motion to strike does not state a legal basis or cite to any rule of procedure in support of its request.  On the morning

of the summary judgment hearing, December 9, Meir also nonsuited his claims.[1]

Rollins attended the summary judgment hearing but announced as counsel only for intervenors Meir and the Meir Benit Trust. He did not make an appearance on behalf of Tahl, who was not present. Rollins advised the trial court that Tahl was pro se and he was authorized to sign the notice of nonsuit on Tahl's behalf and e-file it. No evidence was presented from Tahl himself; he did not execute a declaration or affidavit. During the hearing, however, Rollins told the court, "We had no notice of hearing that that's [the motion to strike is] being heard today, so I . . . do take umbrage with the accusation that I've committed a fraud on the Court." Rollins also requested "an opportunity to have Tahl Benit sign something that confirms he authorized me [Rollins] to file what was filed for him. [Tahl's] a pro se litigant. He doesn't know how to E-file stuff." The trial court responded in part that it was not accepting those allegations in the motion to strike that questioned the nonsuit's authenticity. The court announced:

> However, I am going to strike the notice of nonsuit by Mr. Tahl Benit. Whether or not you had any notice of that's kind of irrelevant for starters. But, secondly, I've got this filed on the eve of a summary judgment against him. Had we proceeded today and had he knowingly nonsuited and I could see that he knowingly nonsuited the case, he's entitled to nonsuit his case unless there's a—a counterclaim against him or—or a pending claim against him.

The court then considered Primalend's summary judgment motion, which the court

---

[1] This nonsuit is not in dispute.

ultimately granted.

On that same day, December 9, 2020, the trial court signed a written order granting the motion to strike Tahl's notice of nonsuit as well as a final judgment granting Primalend's summary judgment motion, ordering Tahl take nothing on his claims against Primalend, and dismissing his claims with prejudice. Tahl then filed the instant notice of appeal.

## APPELLANT'S ISSUES

Tahl brings the following two issues:

1. After all parties non-suited their claims, could the trial court, without hearing any evidence and with no notice, strike one party's non-suit and enter summary judgment against that party?

2. If there were lawful grounds for the trial court to strike Tahl's non-suit, did Primalend waive them by (a) failing to articulate those grounds, (b) failing to notice a hearing on its motion, and (c) failing to present any evidence supporting such drastic relief?

## DISCUSSION

In his first issue, Tahl argues the trial court's decision to strike his nonsuit, "with no evidentiary or legal basis," was antithetical to a plaintiff's "unqualified and absolute right to take a nonsuit," *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex. 1990), and we should therefore reverse the trial court and render judgment that Tahl's claims are dismissed without prejudice.

Texas Rule of Civil Procedure 162 provides in part that "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit." TEX. R. CIV. P. 162. Courts

–5–

interpret this rule to mean that the plaintiff's right "to a take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co.*, 800 S.W.2d at 841; *see also Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020); *Progressive Ins. Companies v. Hartman*, 788 S.W.2d 424, 426 (Tex. App.—Dallas 1990, no writ).

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.

*General Land Office v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990); *see BHP Petroleum Co.*, 800 S.W.2d at 841.[2]

Rule 162 "is construed liberally in favor of the right to nonsuit." *Hartman*, 788 S.W.2d at 426. "In the summary judgment context, a plaintiff has the right to take nonsuit after a defendant files a motion for summary judgment, up to the time the court renders a decision." *AIX Specialty Ins. Co. v. Shiwach*, 05-18-01050-CV, 2019 WL 6888515, at *7 (Tex. App.—Dallas Dec. 18, 2019, pet. denied) (mem. op.). "If the plaintiff asks for a non-suit at a time when he is entitled thereto, no further pleading or objection on the defendant's part can affect plaintiff's right to the non-suit." *Progressive Ins. Companies*, 788 S.W.2d at 426.

The granting of a nonsuit is a ministerial act by the court. *See Shadowbrook*

---

[2] Pending claims for affirmative relief may include, for example, counterclaims, crossclaims, or motions for sanctions. *CTL/Thompson Tex., LLC v. Starwood*, 390 S.W.3d 299, 300 (Tex. 2013).

*Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990). Indeed, a party is entitled to mandamus relief if a trial court erroneously refuses to grant a nonsuit and dismiss the case. *See BHP Petroleum Co.,* 800 S.W.2d at 842.

Primalend, however, points to rule 12 of the rules of civil procedure, and, though its motion to strike never mentioned rule 12, Primalend argues on appeal that the trial court could have considered the substance of the motion[3] and construed it as a rule 12 motion. Rule 12, the alleged basis for Primalend's motion, says that when a party to a lawsuit believes the suit or proceeding is being prosecuted or defended without authority, it may file a sworn written motion questioning the attorney's authority to act. TEX. R. CIV. P. 12. Rule 12 motions must be sworn and served on the challenged attorney at least 10 days before the hearing on the motion. *See id.* The primary purpose of rule 12 is to enforce a party's right to know who authorized the suit. *New Talk, Inc. v. Sw. Bell Tel. Co*., 520 S.W.3d 637, 644 (Tex. App.—Fort Worth 2017, no pet.); *see also Angelina Cty. v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964). Rule 12 protects parties from groundless suits and permits dismissal of suits instituted without authority. *Nicholas v. Envtl. Sys. (Int'l) Ltd*., 499 S.W.3d 888, 895 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also Angelina Cty*., 374 S.W.2d at 422–23. The challenged attorney has the burden of proof to show sufficient authority to represent the client. TEX. R. CIV. P. 12;

---

[3] *See, e.g., State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it.").

*Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 741 (Tex. App.—Dallas 2003, pet. denied). If the challenged attorney does not meet his or her burden of proof, the trial court is required (1) to bar the challenged attorney from appearing in the case and (2) to strike the pleadings if an authorized person does not appear. TEX. R. CIV. P. 12; *see also In re Salazar*, 315 S.W.3d 279, 283 (Tex. App.—Fort Worth 2010, orig. proceeding) (concluding requirements of rule 12 are mandatory). Typically, an attorney satisfies the burden to establish his or her authority by presenting evidence the client retained him to provide representation in the case. *In re Sassin*, 511 S.W.3d 121, 125 (Tex. App.—El Paso 2014, orig. proceeding); *Boudreau*, 115 S.W.3d at 742. Appellate courts review a trial court's ruling on a motion to show authority for an abuse of discretion. *Urbish v. 127th Jud. Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986); *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.).

Although Primalend's motion to strike used the phrase "lacks authority," the motion did not mention rule 12; it was not sworn; it was not set for hearing; nor did it provide 10 days' notice of a hearing. *See* TEX. R. CIV. P. 12. And, crucially, Primalend's motion did not provide fair notice regarding the basis for the serious relief that Primalend now insists—on appeal—it requested of the trial court pursuant to rule 12. *See, e.g.*, *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000) ("Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic

–8–

issues of the controversy and what testimony will be relevant."); *Transworld Leasing Corp. v. Wells Fargo Auto Fin., LLC*, No. 04-12-00036-CV, 2012 WL 4578591, at *2 (Tex. App.—San Antonio Oct. 3, 2012, pet. denied) (mem. op.) (motion "must be read in its entirety to determine if it provides fair notice of the grounds on which the motion is based").

Moreover, at no point did Rollins claim or otherwise suggest after the court granted leave to withdraw that he had authority to represent Tahl. Indeed, as Rollins explained to the court, he drafted and e-filed the nonsuit at Tahl's request but Tahl was proceeding pro se, Rollins and the Shackelford firm having withdrawn from representing Tahl prior to the hearing. And to the extent Primalend is suggesting fraud and/or forgery regarding Tahl's e-signature,[4] Primalend does not cite, and we have not found, authority holding that a rule 12 motion is the proper procedural vehicle in which to raise such a claim. *See, e.g., New Talk, Inc.*, 520 S.W.3d at 644 (primary purpose of rule 12 is to enforce party's right to know who authorized suit). We therefore reject Primalend's attempt to belatedly redesign its motion to strike as a motion filed pursuant to rule 12 of the rules of civil procedure.

It is undisputed that Tahl's nonsuit was timely filed and that Primalend did not assert any claims against either Tahl or Meir, nor did it request other affirmative

---

[4] Rule of civil procedure 21(f)(7)(A) states that an electronically filed document is considered signed if the document includes "a '/s/' and name typed in the space where the signature would otherwise appear, unless the document is notarized or sworn." TEX. R. CIV. P. 21(f)(7)(A).

relief. *See, e.g., General Land Office*, 789 S.W.2d at 570 ("[I]f a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit."). Although we understand the trial court's suspicion regarding the nonsuit filed on the evening before a summary judgment hearing, Tahl had the right to take a nonsuit up to the time the trial court rendered a decision, *e.g., AIX Specialty Ins. Co.*, 2019 WL 6888515, at *7, which is what Tahl did.

Based on the record before us, we therefore sustain Tahl's first issue. We reverse the trial court's final judgment of December 9, 2020, and render judgment dismissing Tahl's claims against Primalend without prejudice, pursuant to Tahl's December 8, 2020, notice of nonsuit. Because of this decision, we need not address Tahl's second issue.

/Lana Myers//

210024f.p05
LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TAHL BENIT, Appellant

No. 05-21-00024-CV     V.

PRIMALEND CAPITAL
PARTNERS, LP., Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-16217.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell
participating.

In accordance with this Court's opinion of this date, the final judgment of the trial court is **REVERSED,** and judgment is **RENDERED** dismissing appellant TAHL BENIT'S claims against appellee PRIMALEND CAPITAL PARTNERS, LP, without prejudice. It is **ORDERED** that appellant TAHL BENIT recover his costs of this appeal from appellee PRIMALEND CAPITAL PARTNERS, LP.

Judgment entered this 6th day of May, 2022.