## TRADERS & GENERAL INS. CO. v. BELCHER.

### No. 1862.

Court of Civil Appeals of Texas. Eastland.

Feb. 24, 1939.

Rehearing Denied March 24, 1939.

Lightfoot, Robertson & Gano, of Fort Worth, and Collins & Collins, of Lufkin, for appellant.

Roy W. McDonald, of Dallas, George W. McHam, of Wichita Falls, and Bailey & Shaeffer, of Dallas, for appellee.

GRISSOM, Justice.

This is a Workmen's Compensation case instituted by W. D. Belcher against the Traders & General Insurance Company. In accord with a jury verdict, judgment was rendered for plaintiff for the recovery of the maximum amount authorized for total and permanent disability. From that judgment defendant has appealed.

Defendant contends, by its first and second propositions, that the trial court should have sustained its plea to the jurisdiction and dismissed the case because

plaintiff's claim for compensation filed with the Industrial Accident Board did not show, in dollars and cents, that it was a claim for an amount within the jurisdiction of the district court, nor were facts alleged therein from which such amount could be determined. Since the preparation of the briefs in this case that question has been decided by our Supreme Court adversely to defendant's contention. In Booth v. Texas Emp. Ins. Ass'n, Tex.Com.App., 123 S.W.2d 322, 331, the question is answered in an opinion by Judge Smedley, as follows: "It is not necessary, either for the purpose of showing jurisdiction of the board or as predicate for jurisdiction of the court in which suit may be filed to set aside the board's award, that the claim filed with the board state the amount claimed by the employee or facts from which such amount can be definitely determined."

Also, see Aetna Casualty & Surety Co. v. Ware, Tex.Com.App., 123 S.W.2d 332; Federal Underwriters Exchange v. Cost, Tex.Com.App., 123 S.W.2d 332; Robinson v. Commercial Standard Ins. Co., Tex.Com. App., 123 S.W.2d 337.

Defendant, by its third and fourth propositions, contends that the trial court erred in refusing to instruct the jury to return a verdict for defendant, on its motion duly and timely filed and presented, and in refusing to grant the defendant's motion for a new trial,· because there was no proof that plaintiff's employer, or the defendant, who was the employer's insurance carrier, had knowledge or were given notice of plaintiff's injury within thirty days after the happening thereof.

Plaintiff alleged that his employer had immediate notice of the injury and that, within thirty days after he received his injury, he gave written notice thereof to defendant. Defendant asserts in its brief that there was no proof made that plaintiff's employer, or this defendant, had actual knowledge of plaintiff's injury, or that either of them were given notice of his injury within thirty days from the happening thereof. This statement is not refuted by plaintiff, but, in answer thereto, he contends that since defendant filed a plea to the jurisdiction of the court "which set up that both the notice of injury and claim for compensation were filed on the 10th day of April 1935 ·with the Board" and the substance of the notice of injury given to the board therein set out, it was unnecessary for plaintiff to make such proof, ·since, plaintiff contends, such essential facts were thereby admitted by defendant. In its plea to the jurisdiction, defendant alleged that· "plaintiff, on April 10, 1935, filed with the *Industrial Accident Board* of the State of Texas a notice of injury."

Article 8307, sec. 4a, Vernon's Ann.Civ. St., provides: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof."

The latter part of said statute provides that "For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice * * *." Plaintiff offered in evidence its exhibit No. 2. Its introduction in evidence for any other purpose than to show jurisdiction of the court was objected to by defendant. It was then so limited by the court and admitted in evidence for such purpose only, to which action of the court plaintiff excepted. Plaintiff now contends that its exhibit No. 2 was admissible not only to show jurisdiction, but .was also "admissible before the jury for the purpose of showing notice was given * * * within the time required by law." Plaintiff further contends that since said exhibit was admissible for the purpose of showing, and would have shown that notice of the injury was given within the time required by law, and since its introduction for such purpose was not permitted and, because of defendant's objection, defendant cannot now assume a different attitude from that which it took in the trial court, and defendant is, by reason of its said action in the trial court, estopped to assert that no proof was made by plaintiff of knowledge by or notice to plaintiff's employer or defendant of plaintiff's injury within thirty days, as required by Art. 8307, sec. 4a, supra.

Plaintiff's Exhibit No. 2 was apparently a printed form filled out by the plaintiff. It commenced:

"Form 2            Employers' Liability Act
Notice of Injury
Industrial Accident Board
Austin, Texas.

"Important: This notice must be made out in duplicate and each question carefully and correctly answered within thirty (30) days following infliction of injury, *one copy to be mailed or delivered* to the employer or his or its insurance carrier, and one

copy *to the Industrial Accident Board at Austin, Texas.* This is to notify you that I suffered personal injury * * *."

Then followed a statement that plaintiff at the time and place and in the manner alleged in his petition sustained injuries therein described while he was employed by F. D. Jones Drilling Company, etc. It was signed by plaintiff and witnessed. It was dated April 9, 1935, and shows to have been received and filed by the Industrial Accident Board on April 10, 1935. Following the matters mentioned, sec. 4a of Art. 8307 was quoted. It was certified to by the secretary of the Industrial Accident Board.

In sec. 5 of Art. 8307, Vernon's Ann.Civ. St., the following provision is found: "The Industrial Accident Board shall furnish any interested party in said claim pending in Court upon request free of charge, with a certified copy of the *notice of the employer becoming a subscriber* filed with the Board and the same when properly certified to shall be admissible in evidence in any Court in this State upon trial of such claim therein pending and shall be prima facie proof of all facts stated in such notice in the trial of said cause unless same is denied under oath by the opposing party therein."

The concluding portion of sec. 8 of Art. 8307, reads: "Any *Order, award* or *proceeding of said Board* when duly attested by any member of the Board or its secretary, shall be admissible as evidence of the *act of said Board* in any Court in this State." Section 9 of Art. 8307 contains this provision: "Upon the written request and payment of the fees therefor * * * the board shall furnish to any person entitled thereto a certified copy of any *order, award, decision or paper on file in the office of said board* * * *."

Plaintiff's Exhibit No. 2 was not a "Notice of employer becoming a subscriber", nor was it an "order, award or proceeding" of said board, nor was it evidence of the "act of said board." It did not purport to be a "decision" of the board. It did purport, however, to be a certified copy of a "paper on file in the office of said board." The statutes mentioned certainly do not attempt to make a certified copy of any and all papers filed with the board, whether required by law to be there filed or not, admissible in evidence. Even if admissible in evidence, plaintiff's exhibit No. 2 would not constitute any character of

proof of a fact not stated nor mentioned therein, to-wit, that such notice was given to plaintiff's employer or his employer's insurance carrier. Plaintiff's exhibit No. 2 does not purport to be notice to, or a copy of a notice served on, plaintiff's employer or the insurance carrier. It apparently is merely a notice to the Industrial Accident Board of plaintiff's injury. If a certified copy of a notice, of plaintiff's injury filed with the Industrial Accident Board is, or can be, any evidence of knowledge by or notice to plaintiff's employer, or defendant, of plaintiff's injury, and that such notice was given within thirty days of the happening thereof, then it is so by virtue of either the general rules of evidence or some statute so providing. Of course, under general rules of evidence a certified copy of notice of injury delivered to the Industrial Accident Board is not any evidence of knowledge by or notice to the employer or insurance carrier, and that such knowledge was had or notice given to the employer or its insurance carrier within thirty days after plaintiff suffered an injury. If any statute exists making such instrument evidence of knowledge by or notice to the employer or the employer's insurance carrier, it has not been cited and we have not found it. The necessary conclusion is that defendant's objection to the introduction of said instrument generally was properly sustained. Whether or not it is admissible for any purpose is immaterial here. It would not, if admitted in evidence for all purposes, have constituted any evidence of compliance by plaintiff with the provision of sec. 4a of Art. 8307, relative to notice of injury. Since plaintiff failed to make this essential proof the judgment must be reversed. In this connection, we call attention to the fact that there was neither allegation nor proof of good cause for plaintiff's failure to give such notice within the time prescribed by law.

See Fox v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 94 S.W.2d 569; Texas Emp. Ins. Ass'n v. Hilderbrandt, Tex.Civ.App., 62 S.W.2d 209; Williamson v. Texas Ind. Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Johnson v. Employers Liability Assur. Corp., Tex.Com.App., 112 S.W.2d 449, 451; Scott v. Texas Emp. Ins. Ass'n, Tex.Civ. App., 118 S.W.2d 354, writ refused.

Article 8307b, Acts 1937, c. 261, p. 535, relating to presumptions on appeal from the Industrial Accident Board are not applicable here since said Act became the law

38

after the appeal from the board and trial of this cause.

Defendant contends the court erred in the submission of special issue No. 1, as follows: "Do you find from a preponderance of the evidence that the plaintiff W. D. Belcher sustained personal injuries on March 19, 1935?" because said issue ignores the element of and does not require a finding that the injuries sustained were *accidental* personal injuries.

Defendant further contends the court erred in its definition of total incapacity, as follows: "It shall not mean an absolute incapacity to perform any kind of labor, but a person incapacitated to such an extent or degree that he cannot perform the usual tasks of a workman in such a manner as to be able to procure and retain employment, *or such work, if any, as the plaintiff is qualified to perform*, is to be regarded as being totally incapacitated."

Defendant admits that the portion of the definition of total incapacity not italicized has been approved by the courts of Texas, including our Supreme Court, yet, it most earnestly insists that even such portion of the definition is wrong and should be corrected by the courts. If we agreed with the defendant, as an intermediate appellate court, we could not well disapprove a definition which has the approval of our Supreme Court. Certainly, the only safe course for a trial court to follow is to use only the definitions so approved. However, under the facts of this case, where it is shown, among other things that the plaintiff has been engaged in hard work as an oil field laborer since childhood and is now 38 years of age, that he quit school while in the seventh grade, and is not qualified to perform other than hard manual labor, and where it is shown that if plaintiff was in fact injured such injury was accidental, we think, it is demonstrated that the omission of the word accidental, in special issue No. 1, and the addition to the approved definition of total incapacity, if error, was harmless.

There are many propositions asserting error with reference to argument and other matters which need not occur upon another trial. Since the judgment must for the reasons stated be reversed, such matters will not be discussed. However, we think that we should here call attention to the fact that the apparent animosity of one of defendant's eminent trial counsel toward plaintiff's counsel was displayed upon the trial of this case as in such manner was calculated to provoke some of the actions complained of. However distasteful and unpleasant it may be, whatever steps are required should be taken by the trial court to prevent a recurrence of such a situation and the sidebar remarks evidenced by this record.

The judgment of the trial court is reversed and the cause remanded.