**KRAPF v. LEWIS.**

No. 2683.

Court of Civil Appeals of Texas. Eastland.

Jan. 21, 1949.

Rehearing Denied Feb. 11, 1949.

C. O. McMillan and W. J. Oxford, both of Stephenville, for appellant.

Sam Russell, of Stephenville, for appellee.

COLLINGS, Justice.

This suit was instituted by appellee R. L. Lewis against appellant Richard Krapf to recover damages for the destruction of a crop of cotton by trespass of appellant's cattle. Appellee, who was a tenant of appellant, alleged an oral rental contract between the parties under which he contends that appellant agreed to protect the crop in question from depredation of appellant's cattle; that appellant failed to comply with this agreement and permitted his cattle to break into the field and destroy the crop. From a judgment in the sum of $641.00, based upon a jury verdict in favor of appellee, this appeal is brought.

The case was submitted on special issues and the answers of the jury were, in effect, as follows:

(1) That the cattle of appellant Krapf entered the field and injured appellee's cotton crop.

(2) That appellant, as landlord of appellee, had agreed in the contract of rental that he would protect appellee's crop from injury and depredation by his, appellant's, cattle.

(3) That appellant failed to keep his agreement to protect appellee's crop.

(4) That the value of the probable yield of the cotton crop when matured and harvested, if it had not been injured by appellant's cattle, excluding expense for picking, hauling, ginning, marketing and the landlord's rent, would have been $641.00.

Appellant contends in eight points that the court erred in rendering judgment for appellee. For the purpose of this opinion, it will not be necessary to consider all of these points. Those which are material are summarized as follows:

(1) There was no evidence, at least not sufficient evidence, to show a contractual obligation on part of appellant to protect appellee's crop from depredation by the cattle; (2) that there was no evidence or jury finding of any breach of duty by appellant; (3) that the issue of damages did not submit the proper measure of damages applicable and that there was no evidence to authorize it.

A landlord who owns or pastures cattle on part of his land and rents other portions to a tenant for cultivation, may by contract obligate himself to protect the tenant's crop from depredation of his cattle. L. M. Gloor & Co. v. West, Tex.Civ. App., 89 S.W. 783.

The testimony of appellee Lewis on the question of the contract for the protection of his crop was, in substance, as follows:

"Yes, sir, I went to him and ask him would he rent me the land and he said he didn't know whether he wanted to rent it or not, that the stock had been giving a little trouble, and so I told him I wouldn't want to rent it under that condition.

\*    \*    \*.    \*    \*    \*

"I went on and about a week later, I went back and he said, 'Well, I will keep those cows out. If I can't, I will move them.'

\*    \*    \*    \*    \*    \*

"I rented it under the condition that he would keep the cattle out of the field. \* \* \* That if he couldn't, he would move them to another pasture."

Appellee further testified, in substance:

"He wanted me to fix the fence and I told him it wasn't customary.

\*    \*    \*    \*    \*    \*

"At the time I went into possession \* \* \* he, Krapf, told me to look over the fence and I did.

\*    \*    \*    \*    \*    \*

"He said he would furnish one man and myself, R. L. Lewis, the equipment and tools four days for fence building. \* \* \* And I went and looked the fence over and there was a four wire fence surrounding the field and I found it in fair condition \* \* \*.

"I fixed the fence myself \* \* \* and never called on him to furnish a man

\* \* \* it wasn't necessary for that much work to be done on the fence.

\* \* \* \* \* \*

"I was satisfied with the fence then after I fixed it up.

\* \* \* \* \* \*

"My agreement was to help keep the fence in good repair."

■■ The first question here presented is whether the above testimony is sufficient to support the finding of the jury that appellant agreed to protect appellee's crop from injury by his cattle. There is no evidence in the record of the use of the word "protect" by either party hereto in making the rental contract. The word "protect" is defined as follows: "To guard, shield, preserve." Webster's International Dictionary. "To cover or shield from danger, harm, damage, trespass, exposure, insult, temptation or the like; defend; guard; preserve in safety." Century Dictionary.

It is in evidence that appellant said, "I will keep those cows out. If I can't, I will move them." But it is admitted by appellee that he agreed to repair, or help repair, the fence surrounding the field. He assumed the responsibility of examining the fence and after that examination and certain work done by him, was satisfied with the condition of the fence. He agreed to help keep the fence in repair. This assumption of responsibility by appellee for the condition of the fence is not consistent with the idea that appellant agreed unconditionally and absolutely to protect appellee's crop.

In determining the sufficiency of the evidence to support the findings of a jury as to the existence of an agreement, as in this case, the existence of isolated portions of evidence, which if considered alone would support the finding, will not suffice. All the evidence bearing upon the matter should be considered as a whole and construed together in order to ascertain the extent of its meaning and effect. Nelson v. Downtain et al., Tex.Com.App., 265 S.W. 135; Curry v. Texas Co. et al., Tex.Civ. App., 8 S.W.2d 206; Miles v. Briggs, Tex. Civ.App., 18 S.W. 850. When so considered, the evidence in this case presents something short of an agreement by appellant to, in effect, insure the crop against damage from his cows. At most, the agreement by appellant was to move the cows if they could not be fenced out, and appellee had admittedly assumed responsibility for the condition of the fence. This is a different contract from that alleged by plaintiff and found by the jury. We, therefore, hold that such evidence is not sufficient to support the allegation in appellee's petition or the finding of the jury that appellant agreed to protect appellee's crop.

It follows that there was no evidence of a breach of duty by appellant Krapf. There was no showing as to the condition in which the fence was maintained after appellee took charge. There was no showing as to how the cows got into the crop, or that they could not have been fenced out; or that appellant was ever requested to move them because they could not be kept out of the crop.

■ Numerous cases have held that the most satisfactory means of arriving at the value of a growing crop which has been destroyed is to prove its probable yield, the value of such yield and to deduct therefrom the expense of harvesting and marketing. Freeman v. Field, Tex.Civ.App., 135 S.W. 1073; Cockrell v. Ellison et al., Tex. Civ.App., 137 S.W. 150; Waggoner v. Moore et al., 45 Tex.Civ.App., 308, 101 S. W. 1058; International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526. The issue on damages here submitted properly submits the measure of damages applicable if it can be held that the evidence is so conclusive as to establish as a matter of law that the cotton crop was destroyed. If the crop was simply damaged and still had value after the injury causing such damage, it would be necessary to know what this value was in order to determine the damage suffered by appellee. The decision on other points herein renders a ruling on this point unnecessary but the matter is mentioned for whatever assistance it may be on another trial.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for a new trial.