Garland Leon **BURNETT**, Appellant,

v.

Stacy Edmond **HOWELL**, Appellee.

No. 5192.

Court of Civil Appeals of Texas.

El Paso.

July 24, 1956.

Rehearing Denied Oct. 3, 1956.

Mike R. Mason, Odessa, for appellant.

Turpin, Kerr & Smith, and Thornton Hardie, Jr., Midland, for appellee.

HAMILTON, Chief Justice.

This is an appeal from a personal injury damage suit arising out of an automobile accident in Andrews County. Appellant was riding in an automobile driven and operated by the appellee and the automobile turned over. Ordinary negligence is claimed to be the cause of the mishap and damage to appellant. Appellant rested his case, and the court upon motion including several grounds, made by appellee, withdrew the case from the jury and rendered judgment for appellee on the ground that appellant was a guest of appellee.

Although appellant lists six points of error, they are all based on one point, and that is that the court erred in holding as a matter of law that the plaintiff was a guest of defendant without payment for such transportation, and could not recover by virtue of Article 6701b, Vernon's Ann. Civ.St.

The facts involved are undisputed. On the morning of February 16, 1955, appellee Howell went to the house of Burnett, (appellant) in Odessa. While the appellant and appellee were having coffee, appellee made a statement that he would go to Andrews if he had any gas. Appellant asked appellee if he didn't have money to buy gas and he told him no, he was broke. Appellant testified:

"I told him I would buy him some gas, if he would take me over there and bring me back, and he said he would, so I said OK." (S. F.)

They then went down town and appellant bought a tank of gas for appellee's car. Appellee's desire to go to Andrews was to see his girl, and while he was visiting his girl appellant was to use his car in attending to his business. In addition to filling up the tank with gas appellant gave appellee one dollar. After driving around Odessa a while they started on their way to Andrews, and before reaching Andrews the car turned over and the trip was never completed.

Appellee contends that under the holding of Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190, 193 (error ref.) that the payment for gasoline, or a portion of the automobile expense, by one accompanying the driver and owner of an automobile is not payment for transportation under the meaning of Art. 6701b, V.A.C.S. That case holds and we concede it to be a well settled law, that when one is invited to ride with the owner on a trip for their mutual pleasure that the payment for the gas and oil or a portion thereof even though by prior agreement, is merely an exchange of courtesies, and that such would not constitute payment for transportation under the meaning of said Art. 6701b. In the case of Raub v. Rowe, supra, the moving and prime cause of the trip to be taken was a mutual desire of the parties to visit a relative. The payment by the rider of a portion of the automobile expense was merely incidental.

We think the case before us presents a different situation. The appellee, Howell, had expressed a desire to go to Andrews to see his girl, but he was not going because he did not have any gasoline and could not buy it. Appellant, who had no interest or desire in going with appellee to see his girl, seeing an opportunity to get a convenient ride to Andrews to attend to some business, told appellee he would buy the gas if appellee would take him to Andrews and bring him back. The proposition made by appellant to appellee was the inducing cause of the agreement to transport appellant to Andrews and back, and rather than a desire to show hospitality to appellant, it appears to us it was simply a business proposition on the part of both parties, and does not come within the guest statute. In the case of Raub v. Rowe, supra, the court realized that under a situation such as we have in this case that the guest statute would not apply. It quotes from McCann v. Hoffman, Cal.App., 62 P.2d 401, as follows:

" 'Relationships which will give rise to the status of passenger must confer a benefit of a tangible nature and are limited. * * * *Therefore, where a special tangible benefit to defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given.* But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on a trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure."

The tangible benefit to appellee was the tank of gas, which was the motivating influence for appellee to furnish appellant the transportation, not joint social purpose or reciprocal hospitality.

Appellee maintains that because he had other grounds in his motion for an instructed verdict upon which the court could have based its judgment, that the case should not be reversed even should this court find that the guest statute does not apply. We overrule this counterpoint of appellee. The trial court in granting appellee's motion definitely based his judgment upon the application of the guest statute. The rule that an appellate court must assume that the trial court correctly found all fact issues having support in evidence in favor of the judgment is not applicable where the case is withdrawn from the jury and judgment rendered by the trial court. Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148.

We reverse the judgment of the trial court, and remand the cause for another trial.