**C. D. LANCE, Appellant,**

v.

**CITY OF MISSION et al., Appellees.**

No. 13218.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 27, 1957.

Rehearing Denied Jan. 8, 1958.

Ewers, Cox & Toothaker, McAllen, for appellant.

Hill, Lochridge & King, Mission, Cox, Patterson & Freeland, McAllen, Sid L. Hardin, Edinburg, for appellees.

BARROW, Justice.

This appeal is from a judgment denying recovery of damages for alleged flooding of crop land and destroying crops there-on. The suit was brought by C. D. Lance against the Cities of Mission, McAllen and Edinburg, hereinafter called Tri-Cities.

The record shows that in 1941 the appellees, Tri-Cities, acquired title to 1,158.03 acres of land in Hidalgo County, Texas, referred to as Moore Field. That same year appellees leased the land to the United States Government, to be used as a Military Airport and Reservation. In 1942 and 1943, the United States Government constructed a large drainage ditch on an easement acquired by it, extending from Moore Field some three miles in a southerly direction, and ending on a tract of land joining appellant's land on the northwest. The purpose of this ditch was to drain off rain water from the field and remove discharge of the sewage treatment plant.

In 1944 appellant purchased 97.79 acres of his land, and in 1948 purchased an additional 3.9 acres.

In 1947, the State of Texas acquired title to 443.09 acres of land, a part of Moore Field, including the water and sewage plants, and exclusively operated them at all times pertinent to this suit. In 1948, the United States Government released its lease of Moore Field to appellees and also conveyed to them its easement across which the drainage ditch runs.

In 1950 C. F. Spikes bought a tract of land which was traversed by the drainage canal, and in 1952 he erected a dam across the canal so as to impound the water for irrigation purposes. There is no question but that except for this canal water from Moore Field would not reach appellant's land by natural drainage.

Appellant's claim for damages is based upon flooding of his crops by two rains, in April, 1951, and in June, 1952. He claims he lost in 1951, ten acres of tomatoes, six acres of corn and three acres of cantaloupes, all matured; and that in 1952 he lost twenty-four acres of cotton, ten acres of tomatoes, three acres of alfalfa and three acres of corn, all matured.

■ The trial court, having at the conclusion of appellant's evidence granted an instructed verdict in favor of appellees, it is our duty to examine the statement of facts to determine if there is any issue of fact upon which a judgment in favor of appellant could be predicated. In so doing all ·fact issues must be resolved in favor of appellant and against appellees. This we have done and have determined, as a matter of law, that an instructed verdict in the case was correct.

■ It appears from the record that the court granted the motion upon the grounds set forth in the third paragraph of the motion. Appellant contends that in reviewing the case we are limited to the grounds relied upon by the trial court. He cites in support of this contention, Burnett v. Howell, Tex.Civ.App., 294 S.W.2d 410. We decline to follow that holding. The law seems to be well settled that the judgment of the trial court granting the motion should be affirmed if it is good upon any ground stated even though the trial court granted the motion for the wrong reason. Rosenbaum v. Texas Building & Mortgage Co., 140 Tex. 325, 167 S.W.2d 506; Mooneyhan v. Benedict, Tex.Civ.App., 284 S.W. 2d 741, 3–B Tex.Jur. 280, Sec. 875.

The undisputed evidence shows that the alleged nuisance was not created by appellees, but by the United States Government; that after the Government released Moore Field to appellees it conveyed the easement upon which the drainage canal is situated to them, since which time they have not maintained, constructed, altered or operated any of the facilities which are alleged to have caused damage, but allowed the canal to remain just as it was. The record further shows that at no time since appellees received title to the easement has appellant made request of them that the alleged nuisance be abated, nor has he at any time prior to the filing of this suit claimed that the canal or the water therefrom constituted a. nuisance.

■ This Court in Wilkerson v. Garrett, Tex.Civ.App., 229 S.W. 666, 668, said: "It is also settled that the purchaser of land on which exists a nuisance created by his grantor is not liable for merely permitting it to remain or continue, in the absence of a request to abate it, * * *." This case was cited with approval by the Supreme Court in the recent case of Hindman v. Texas Lime Company, 305 S.W.2d 947. See also, 31 Tex.Jur. 426, Sec. 14; 39 Am.Jur. 316, 320, Secs. 35 and 40; Roberts v. Georgia Ry. & Power Co., 151 Ga. 241, 106 S.E. 258, 14 A.L.R. 1091.

■ It is also apparent that appellant wholly failed to prove a proper measure of damages. Appellant's evidence showed that his crops were destroyed in the field. He offered evidence of the probable yield and the value of some of his crops at the market place, some miles from the field, but offered no evidence of the cost of harvesting and marketing his crops. The measure of damages in such cases is the market value of the crops less the cost of harvesting and marketing. International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526; International-G. N. R. Co. v. Reagan, Tex. Civ.App., 36 S.W.2d 564, affirmed 121 Tex. 233, 49 S.W.2d 414; Krapf v. Lewis, Tex. Civ.App., 217 S.W.2d 148; Schultz v. Harless, Tex.Civ.App., 271 S.W.2d 696; 13 Tex.Jur. 49, Sec. 56; Note, 175 A.L.R. 159.

The uncontradicted evidence also shows that the United States Government dug the canal in question in the year 1942, and enlarged it in 1943; that it is a large, permanent drainage structure, and that it remained unaltered to the date of trial of this case. The evidence also shows that as early as 1942, water from this canal overflowed and formed a lake on the land in question, and that rains have discharged water onto the land once or twice each year since. The evidence also shows that the appellant did not acquire title until 1944.

■ It is settled that where a public permanent improvement is such that it

causes injury to property, a single cause of action for permanent damages arises at the time it first becomes apparent that such damage will result, and is barred by the statute of limitations two years thereafter. Vernon's Ann.Civ.St. art. 5526. City of Texarkana v. Rhyne, Tex.Com.App., 86 S.W.2d 215; Vann v. Bowie Sewerage Co., 127 Tex. 97, 90 S.W.2d 561; Wichita County Water Improvement District No. 1 v. Pearce, Tex.Civ.App., 59 S.W.2d 183; Schubert v. Guadalupe County, Tex.Civ. App., 189 S.W.2d 514; City of Dallas v. Winans, Tex.Civ.App., 262 S.W.2d 256. The cause of action for such damage accrues to the owner of the property at the time the permanent nuisance is constructed. Vann v. Bowie Sewerage Company, supra, and Schubert v. Guadalupe County, supra.

Since appellant failed to make out a prima facie case against appellees, it follows that an instructed verdict was proper.

The judgment is affirmed.