Richard **HOTCHKISS**, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION**, Appellee.

No. 8257.

Court of Civil Appeals of Texas, Amarillo.

March 27, 1972.

Law Offices of Tom Upchurch, Jr., James D. Durham, Jr., Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, for appellee.

REYNOLDS, Justice.

An instructed verdict for defendant in a workmen's compensation jury trial is the subject of this appeal. Affirmed.

The parties will be referred to by their trial court designations. Plaintiff Richard Hotchkiss brought suit against defendant Texas Employers' Insurance Association to recover workmen's compensation benefits under the provisions of Texas' Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., as amended, for an accidental injury on or about January 20, 1967. At the conclusion of plaintiff's evidence, defendant moved for an instructed verdict. The grounds stated in the motion were that there was no competent proof that plaintiff (1) gave notice of injury to defendant or the employer within the 30-day statutory period, or (2) made a claim for compensation within the six month statutory period; and (3) there was no competent evidence that plaintiff suffered a compensable incapacity as a result of the injury claimed. The motion was granted, and the trial court's comments brought forward in the statement of facts show that the verdict was instructed because plaintiff failed to give proper notice to the employer or to the defendant of the injury claimed. One point of error is advanced in which plaintiff contends that direction of verdict for defendant was erroneous because the evidence was uncontradicted that notice of injury was given within 30 days and claim for compensation was filed within six months from the date of injury.

■ It is too well established in our law to cite authority declaring that the instructed verdict can be justified only if no other verdict could have been rendered. To determine this we must analyze the evidence, giving credit to all evidence favorable to plaintiff and to the inferences properly drawn therefrom, and disregarding all evidence adverse to plaintiff.

Plaintiff filed this suit on March 13, 1970. In answering, defendant denied un-

der oath that statutory notice of injury was given or that good cause existed for the failure to give notice. To prove his cause of action, plaintiff relied upon his testimony, pre-trial discovery and the introduction in evidence of exhibit no. 1, a form entitled "Notice of Injury and Claim for Compensation." In the pre-trial discovery procedures, plaintiff failed to induce defendant to concede that plaintiff gave notice to his employer, or that defendant had actual notice, of the injury within 30 days from the date of the claimed injury; or that plaintiff made a claim for compensation within six months from the date of the alleged injury. The first notice defendant had of the injury, according to its answer to an interrogatory, was from an inquiry made by the Industrial Accident Board in January, 1970. Defendant replied to one interrogatory that plaintiff's supervisor was one "D. C. Hannum, foreman." Thus, the validity of the motion for instructed verdict because of lack of statutory notice and claim must be tested by plaintiff's own testimony and his exhibit no. 1.

Plaintiff's testimony given at the trial on September 23, 1970, is summarized, except as it may be referred to verbatim. At approximately 6 a. m. on January 20, 1967, plaintiff, in the course of his employment with American Smelter and Refining Company, was either climbing in or out of a box car in the process of taking a moisture content sample when "my foot slipped and I felt the sharp pain in my back." No other person observed the occurrence and plaintiff did not report the event at that time. He worked that day. The next two days were his normal days off, and his testimony of what transpired when he came to work the following Tuesday morning was:

"A.　*　*　*　I told the yard man or yard boss at the time that I had hurt my back, and that I needed to come see the doctor when he came in that morning.

"Q.　Who was that you told?

"A.　I believe it was Amos Prater."

Plaintiff testified that he saw the company doctor, but there is no evidence of any report of injury being made to the doctor.

On January 31, 1967, plaintiff completed and filed with the Industrial Accident Board the form designated "Notice of Injury and Claim for Compensation," a copy of which he introduced as exhibit no. 1. In the form he reported the January 20, 1967 injury, stated that he started losing time on January 20, 1967, and returned to work on January 24, 1967. By checking the appropriate block on the form, he requested that the Board "Not Take Further Action Until Requested By Me." He did not send a copy of the form to either his employer or to the defendant, and he did not notify either of them that he had made a claim for compensation.

In December, 1969, plaintiff hurt his back while shingling the roof of his house. Thereafter, in December, 1969, or in January, 1970, he requested the Board to take action on his claim for compensation for the 1967 injury.

■　While the Workmen's Compensation Act must be given liberal construction to carry out its evident purpose, Shelton v. Standard Ins. Co., 389 S.W.2d 290 (Tex. Sup.1965), nevertheless, the rights and obligations of the parties are controlled by the statute. Houston Fire & Casualty Ins. Co. v. Dieter, 409 S.W.2d 838 (Tex.Sup. 1966). Sec. 4a of art. 8307 provides that for plaintiff to maintain his compensation proceeding, he must have given notice of the injury to the defendant or to plaintiff's employer within 30 days after the happening, and make a claim for compensation within six months after the injury. The provision contained therein permitting the Board in meritorious cases to waive strict compliance with statutory notice and claim is not before us since plaintiff neither pleaded nor offered proof of good cause for any failure to give notice and file a claim within the specified periods.

■ We are of the opinion that plaintiff's exhibit no. 1, the original of which was mailed to the Board eleven days following his injury, was proof of sufficient compliance with the statutory requirement for making a claim for compensation, even though the Board was requested not to take action thereon for some three years. But this notice is not evidence of knowledge by or notice to the employer or insurance carrier as required by the statute. Traders & General Ins. Co. v. Belcher, 126 S.W.2d 35 (Tex.Civ.App.—Eastland 1939, writ ref'd).

■ The multitude of authority on notice in workmen's compensation proceedings is in agreement that no particular form or manner of notice to the employer or the insurer is prescribed by the statute. Actual notice to the employer or to the insurer is all that is required; however, since the purpose of the notice is to enable the insurer to make an intelligent investigation of the facts to determine whether compensation is payable immediately or whether the matter is to be submitted to the Board for its determination, Booth v. Texas Employers' Ins. Ass'n., 132 Tex. 237, 123 S.W.2d 322 (1938), the notice, to strictly comply with the statute, in the absence of actual knowledge by the employer or the insurer, must be made to the employer or the insurer and apprise either of the date, time, occasion and the nature of the injury. Texas Employers' Ins. Ass'n. v. Bradshaw, 27 S.W.2d 314 (Tex. Civ.App.—San Antonio 1930, writ ref'd).

■■ While it is settled that notice to the employee's foreman is notice to the employer, plaintiff did not notify his foreman, D. C. Hannum, of his injury. Rather, the only statement he testified about was made to one Amos Prater, whom plaintiff identified as "the yard man or yard boss." No other reference is made to Prater and it is not shown what connection, if any, he had with plaintiff's employer. Plaintiff did not testify that Prater was in charge of his work. Even assuming arguendo that Prater occupied some supervisory position with the employer, the statement made to him by plaintiff is not statutorily sufficient to impart notice of the injury. The statement is deficient in that it does not show the date, time or occasion when "I had hurt my back," or that the event occurred in the scope of plaintiff's employment. The record is silent as to what, if anything, plaintiff told the company doctor about the happening. Even under the most liberal construction of the statutory notice requirement, plaintiff's testimony demonstrates, as a matter of law, that he failed to give that notice that would alert the employer or the insurer to an accidental injury occurring in the scope of plaintiff's employment. Plaintiff's point of error is overruled.

■ There is yet another reason why the instructed verdict was proper. Plaintiff failed in his proof to establish a compensable injury, and defendant's motion for instructed verdict is sustainable on that ground contained in the motion. Although there is case authority that an instructed verdict must stand or fall on the reason given for granting it[1], the rule consistently followed is that the judgment granting the motion for instructed verdict should be affirmed if it is good upon any ground stated therein even though the reason assigned by the trial court was erroneous. Rosenbaum v. Texas Building & Mortgage Co., 140 Tex. 325, 167 S.W.2d 506 (1943); Hutson v. City of Houston, 418 S.W.2d 911 (Tex. Civ.App.—Houston (14th Dist.) 1967, writ ref'd n. r. e.), and cases cited therein; Lance v. City of Mission, 308 S.W.2d 546 (Tex.Civ.App.—San Antonio 1957, writ ref'd n. r. e.), and authorities cited therein.

■ The purpose of the Workmen's Compensation Act is not to compensate for

1. Burnett v. Howell, 294 S.W.2d 410 (Tex. Civ.App.—El Paso 1956, writ ref'd n. r. e.). Shepard's Southwestern Reporter Citations does not indicate that the case has ever been followed on this point.

the loss of earnings or for the injury itself, but for loss of earning capacity, Employers Reinsurance Corporation v. Holland, 162 Tex. 394, 347 S.W.2d 605 (1961); yet, for the injury to be compensable, it must incapacitate "the employee for a period of at least one week from earning full wages" and "compensation shall begin to accrue on the eighth day after the injury" if incapacity follows at once, or "with the eighth day after the date incapacity commenced." Art. 8306, § 6.

■ Responding to plaintiff's pre-trial discovery procedures, defendant refused to admit that plaintiff had suffered an accidental injury in the course of his employment, or that plaintiff suffered any total incapacity as a result of his claimed injury. Again, we are relegated to plaintiff's testimony to determine if he furnished proof of a compensable injury.

When plaintiff saw the company doctor following the January 20, 1967, injury, the doctor gave plaintiff a prescription to be filled and sent him home. The prescription was filled, plaintiff took the medication and has not had the prescription refilled. In response to his counsel's inquiry as to the number of days missed from work, plaintiff replied, "I do not recall right at the time, but I believe it was pretty close to a week."

During cross examination, plaintiff stated that when he was sent home by the doctor on the Tuesday, "As far as I can recall, I was off the rest of that week and returned, I believe, probably the next Tuesday, a week from that." Later, the following is recorded:

"Q. Now, between January—well, at this moment I won't argue with you as to whether it was one day you lost or nearly a week you lost in January of 1967, but whichever way it was, did you lose any more time from work at all until after the shingling experience in December of 1969?

"A. I do not recall any that I know of."

The shingling experience in December of 1969 alluded to in the question above referred to plaintiff's testimony that, while working on the roof of his house, he hurt his back in the same place as the 1967 injury and that it produced the same pain. He consulted a doctor, the first one he had consulted since his 1967 injury that is the basis of this suit. The doctor sent him home for three or four days. Plaintiff then stated, " * * * and then he gave me a release to go back to work, and that very next to the same—very next week I hurt my back again by just bending over and picking up a small thin gauge piece of pipe about 14 feet long." It was stipulated that plaintiff has a claim pending before the Board "for an aggravation injury of 11–20–70."

Prior to injection of testimony of the 1969 injury, plaintiff, in responding to a question about his back trouble "as time went on," stated that, " * * * two or three other times, while working my back would get to hurting me, and if I would continue working, I would be laid off two or three days at a time." After the 1969 injury was placed in evidence, plaintiff testified his back hurts when he gets in a strain and he may miss a few hours a day or a day or so from work. Thereafter, at the close of plaintiff's testimony, his counsel inquired if his condition causes him to miss time from work, and plaintiff replied, "No, it hasn't yet," although infrequently he would ask to be given lighter work.

At the time of the 1967 injury, plaintiff was assigned to general work and, following a lay-off during a six month strike, was assigned maintenance work, which he was performing at the time of the trial. There is no testimony that plaintiff has lost any wages because of his injuries and his wages are now at a higher rate than on January 20, 1967. No contention is made that plaintiff was physically unable to work and was forced to labor because of economic necessity.

The greatest length of incapacity that can be fixed for the January 20, 1967 injury, by plaintiff's own testimony, is one week. Without question he returned to work before his incapacity became compensable. Twice during direct examination and once during cross examination, plaintiff unequivocally limited his incapacity to perform his job as a result of the 1967 injury to one week or less. Plaintiff did not fix with any certainty the times of the other infrequent occasions when he would be off from work or the times of the occasionally adverse effects of the back pain. Having thrice denied incapacity extending into the eighth day because of the 1967 injury, plaintiff testified to no fact that causally related his back trouble to the 1967 injury only as distinguished from the 1969 and 1970 injuries. His testimony of other time lost can only raise a possibility that his incapacity "as time went on" arose solely from the 1967 injury.

There was no medical testimony on causation. Even in those instances where medical testimony on causation is considered unnecessary, the lay testimony must prove at least that the injury in dispute caused the result claimed. Griffin v. Texas Employers' Ins. Ass'n., 450 S.W.2d 59 (Tex.Sup.1969). Here, plaintiff's testimony most favorable to him only raises a conjecture or speculation that his condition existing at the time of the trial was causally related to the 1967 injury, and leads to the reasonable conclusion, considering the 1969 and 1970 injuries, that his condition is coincidentally related to the 1967 injury. Consequently, the jury will not be permitted to speculate on a possibility.

In this state of the record, plaintiff failed to prove a compensable injury, and the instructed verdict was proper on this ground advanced in defendant's motion for the instructed verdict.

Considering the entire record, the only verdict that could have been rendered was one in favor of defendant. The judgment of the trial court granting the instructed verdict is affirmed.