Juliet P. PRATHER, Appellant,

v.

Margaret McNALLY, Appellee.

No. 05–87–00669–CV.

Court of Appeals of Texas, Dallas.

Aug. 26, 1988.

Alfred L. Ruebel, W. Christopher W. Haynes, Dallas, for appellant.

Bruce L. Collins, III, Dallas, for appellee.

Before DEVANY, McCLUNG and THOMAS, JJ.

THOMAS, Justice.

Appellant, Juliet Prather, brought a breach of contract action against appellee, Margaret McNally, seeking to recover upon an alleged oral agreement. The trial court granted McNally's motion to withdraw the case from the jury and rendered judgment against Prather and in favor of McNally. For the reasons given below, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

The facts as reflected in the transcript, the partial statement of facts and the briefs reveal that Prather, a licensed real estate broker, representing William Slocum and certain business entities, began negotiations to purchase a particular piece of real estate in Dallas County, Texas. After approximately eighteen months of unsuccessful efforts, Prather decided that her participation as the agent for the purchaser might be significantly contributing to the seller's refusal to enter into a contract. After consulting with her clients, Prather approached McNally, a licensed real estate agent, with the proposition that McNally would act as a courier, agent, trustee and/or "strawman" for Prather and her client in this transaction.[1] Prather contends that McNally agreed to perform these services for a fee of five hundred dollars and that this suit had to be filed after McNally demanded that she receive one-half of the commission due to the purchaser's agent.

At the close of Prather's case-in-chief, McNally filed her motion to withdraw the case from the jury (motion for directed verdict) setting forth specific reasons why the agreement, assuming there was an agreement, was null and void. After taking judicial notice of the statute relied upon by McNally and listening to the arguments of counsel, the trial court granted the motion. Prather thereafter brought this appeal.

## APPELLATE RECORD

Although Prather limited her appeal to one narrow point of error, there is no indication in our record that this is a "limited appeal" as contemplated in rule 40(a)(4) of the Texas Rules of Appellate Procedure. In order to limit the *issues* to be considered on appeal, one must first comply with the rule which provides:

No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless the severa-

ble portion of the judgment from which the appeal is taken is designated in a notice served on the adverse party within fifteen days after judgment is signed, or if a motion for new trial is filed by any party, within seventy-five days after the judgment is signed.

TEX.R.APP.P. 40(a)(4). The effect of the failure to give notice of a limited appeal is that the entire case is before the appellate court. *Hernandez v. City of Fort Worth,* 617 S.W.2d 923, 924 (Tex.1981); *City of San Augustine v. Roy W. Green Co.,* 548 S.W.2d 467, 472 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

As appellant, it is Prather's burden to bring forth a record sufficient to demonstrate that the trial court committed reversible error. TEX.R.APP.P. 50(d). We note that she has brought forward only a partial statement of facts. It is clear that Prather has not complied with rule 53(d) of the Texas Rules of Appellate Procedure which provides:

If appellant requests or prepares a partial statement of facts, he *shall* include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. *If* such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal.

TEX.R.APP.P. 53(d) (emphasis added). In order to obtain the benefit of the presumption that nothing omitted from the record is relevant to the disposition of the appeal, an appellant must comply with the requirements of rule 53(d). While the rule encourages the parties to bring forward only the matters essential to deciding the questions presented on appeal, failure to comply with the rule results in the appellate court's presuming that the omitted evidence supports the judgment. *Englander v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968); *Dresser Industries, Inc. v. Forscan Corp.,* 641

---

1. The contract finally accepted listed the purchaser as McNally as Trustee and/or assigns and further set forth that as the agent for the purchaser, McNally would be entitled to a three percent real estate commission upon closing.

S.W.2d 311, 314 (Tex.App.—Houston [14th Dist.] 1982, no writ).[2]

Compliance with rule 53(d) provides the appellee with early notice of: (1) the issues on appeal; and (2) the record submitted by the appellant. Thus, if the appellee concludes that there is something in the record that the appellee does consider relevant to the appeal, *as the appellant has framed the issues on appeal*, the appellee has a chance to provide the appellate court with those portions of the record that the appellee considers relevant to the issues which have been raised. *See* TEX.R.APP.P. 53(d). If, after receiving such notice, the appellee does not designate additional material, an appellate court may safely assume that both parties agree that the court has been provided with the record necessary to determine the issues which have been raised.

In this case, Prather decided to limit the record on appeal, and she urges this Court to consider as irrelevant anything omitted from the record, in accordance with the way in which she chose to limit the record. Because Prather did not limit the issues that she would urge on appeal, McNally had no notice, until Prather filed her brief, of exactly what issues Prather intended to raise. Thus, McNally could not determine whether the limited record contained all the information necessary to the resolution of this appeal.

Under these facts, we conclude that Prather cannot invoke the presumption that anything omitted from the record is irrelevant to this appeal; we must presume that anything omitted from the record supports the trial court's judgment.

## SCOPE OF APPELLATE REVIEW

Prather contends that our review of the trial court's action is limited to whether the conclusion of law which formed the basis for granting the directed verdict was erroneous. According to Prather, if the basis for the granting of the motion was errone-

ous, then the case must be reversed. In this connection, Prather maintains that the record is sufficiently complete to demonstrate that the trial court based its directed verdict and judgment solely upon an erroneous conclusion of law.

■ Prather relies upon *Burnett v. Howell*, 294 S.W.2d 410 (Tex.Civ.App.—El Paso 1956, writ ref'd n.r.e.), to argue that when a trial court grants a directed verdict on a specific singular ground and that basis is erroneous, the appellate court must reverse the judgment even if there are other grounds which would support the trial court's judgment. We, like many of our sister courts, decline to follow *Burnett*.[3] *See, e.g., C.S.R., Inc. v. Industrial Mechanical, Inc.*, 698 S.W.2d 213, 217 (Tex. App.—Corpus Christi 1985, writ ref'd n.r. e.), and authorities cited therein; *Hotchkiss v. Texas Employers' Insurance Ass'n*, 479 S.W.2d 336, 339 (Tex.Civ.App.—Amarillo 1972, no writ); *Lance v. City of Mission*, 308 S.W.2d 546, 548 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.), and authorities cited therein. Therefore, we follow the rule that a directed verdict should be affirmed if it is supported by any ground asserted in the motion, even though the rationale assigned by the trial court for granting the motion was erroneous. *Lance*, 308 S.W.2d at 548.

## REVIEW OF OUR RECORD

■ In reviewing the trial court's action of granting a directed verdict in favor of McNally, it is our duty to examine the evidence to determine if there is any issue of fact upon which a judgment in favor of Prather could be predicated. A directed verdict can only be justified if no other verdict could have been rendered. In this analysis, all fact issues must be resolved in favor of Prather and against McNally. *Lance*, 308 S.W.2d at 548.

Given that we have a partial statement of facts which consists of arguments by counsel at the time of the motion to with-

---

**2.** The precursor of rule 53(d) was rule 377(d) of the Texas rules of civil procedure which is the rule discussed in these cases.

**3.** Shepard's Southwestern Reporter Citations indicates that *Burnett* has never been followed on this point.

draw and *portions* of the testimony of Prather and Slocum, we are unable to determine whether the evidence produced at trial reflects any testimony of probative value in favor of Prather. Since we must presume that the missing evidence supports the trial court's judgment, *Englander*, 428 S.W.2d at 807, we affirm.