**AFFIRM; and Opinion Filed July 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00848-CV

**LUCKY MERK, LLC D/B/A GREENVILLE BAR & GRILL,
DUMB LUCK, LLC D/B/A HURRICANE GRILL,
AND GREG MERKOW, Appellants**
**V.**
**GREENVILLE LANDMARK VENTURE, LTD
AND GREENVILLE LANDMARK VENTURE GP, LLC, Appellees**

**On Appeal from the County Court at Law No. 4
Dallas County, Texas
Trial Court Cause No. 10-02411-D**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

On March 2, 2010, a fire destroyed a popular Dallas destination and historic building housing four restaurants, including Dumb Luck, LLC d/b/a Hurricane Grill. Soon after the fire, Hurricane Grill sued its landlord, Greenville Landmark Venture, Ltd, and its landlord's general partner, Greenville Landmark Venture GP, LLC (collectively Landlord) for negligence, breach of the lease, and breach of warranty of suitability of the premises. Landlord counterclaimed against Hurricane Grill for breach of the lease. The trial court directed verdicts against both Hurricane Grill and Landlord on their respective claims for breach of the lease without stating a basis for its ruling. Hurricane Grill appeals the directed verdict rendered against it; Landlord does not. Although the notice of appeal included other parties, those parties do not assert any

claims for relief on appeal. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), .4. For the following reasons, we affirm the trial court's judgment.

## STANDARD OF REVIEW

A trial court may direct a verdict if no evidence of probative value raises a fact issue on the material questions in the lawsuit. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011). When the movant raises several grounds for directed verdict and the trial court does not state the basis for granting the motion, as here, we will affirm if any ground supports it. *Prather v. McNally*, 757 S.W.2d 124, 126 (Tex. App.—Dallas 1998, no pet.).

## THE PARTIES' ARGUMENTS

In its fourth amended petition, Hurricane Grill alleged that the lease required Landlord to rebuild or repair Hurricane Grill's premises "with reasonable diligence," Landlord breached the lease by failing to assure Hurricane Grill "that it will repair and restore the leased premises," and Hurricane Grill suffered damages as a result of Landlord's breach.

Landlord argued several grounds to support its motion for directed verdict on Hurricane Grill's claim for breach of the lease. One ground was that the lease expired of its own terms before the fire because the lease was not renewed, and, as a matter of law, Hurricane Grill's claim for breach of the lease should be dismissed. Landlord also contended that Hurricane Grill was in breach of the lease by failing to maintain tenant insurance required under the lease and, as a result, its attempt to orally renew the lease was ineffective. Additionally, Landlord argued that Hurricane Grill could not sue Landlord for breach of the lease because Hurricane Grill breached the lease first.

On appeal, Hurricane Grill argues that the trial court erred by directing a verdict in favor of Landlord because there was evidence showing that (1) Landlord continued under the lease

–2–

after Hurricane Grill breached the tenant insurance provision and, as a result, Landlord waived Hurricane Grill's breach, and (2) Hurricane Grill's failure to maintain tenant insurance was an immaterial breach that did not excuse Landlord from performing under the lease. Landlord argues on appeal that the trial court properly directed a verdict against Hurricane Grill because, among other reasons, there was not a valid lease at the time of the fire because it expired on December 31, 2009, without being renewed, and Hurricane Grill was already in breach of the lease before the fire.

### DISCUSSION

As an initial matter we note that Hurricane Grill's appellate brief contains citations to its appendix and not to the official court record, and the documents in its appendix do not appear to be copies of the official court record. *See Flack-Batie v. Cimarron*, No. 05-11-00024-CV, 2013 WL 485750, at *2 n.2 (Tex. App.—Dallas Feb. 6, 2013, no pet.) (mem. op.). In a footnote, Hurricane Grill stated that because the record did "not have a continuous number pagination" there was no "way to cite the record in the traditional manner." Hurricane Grill "reserve[d] the right to request an opportunity to cure any defect once the record is corrected." However, Hurricane Grill did not amend its brief, and its citations are not to the official record, but to its own copies of exhibits and purported excerpts of trial testimony. The Texas Rules of Appellate Procedure require a party to include in its briefing to this Court a statement of facts "supported by record references" and an argument "with appropriate citations to . . . the record." TEX. R. APP. P. 38.1(g), (i). The "record" to which these rules refer is the official court record. Hurricane Grill's briefing does not comply with the rules of appellate procedure, and we are not required to search the record for facts that may be favorable to a party's position. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Nevertheless, we will endeavor to resolve the issue of whether the trial court properly directed a

verdict against Hurricane Grill on its claim for breach of the lease to the extent it is an issue of law.

The elements of a breach of contract claim are (1) a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff as a result of the breach. *See Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 131–32 (Tex. App.—Dallas 2014, no pet.). To prevail on appeal, Hurricane Grill must show that it produced some evidence on each element of its claim. *Smith v. Universal Elec. Constr. Co.*, 30 S.W.3d 435, 438 (Tex. App.—Tyler 2000, no pet.).

As we have stated, one of the grounds upon which Landlord moved for directed verdict was that the lease expired of its own terms before the fire because the lease was not renewed in accordance with the renewal provisions in the lease. In its opening brief Hurricane Grill does not argue this ground as a basis for reversing the directed verdict on its claim for breach of the lease. Instead, it argues for the first time in its reply brief that there is a fact issue about whether Landlord accepted Hurricane Grill's oral notice of renewal and that we should reverse the directed verdict on this basis. We will not reverse a trial court's judgment based on an issue raised for the first time in a reply brief. *See Flack-Batie*, 2013 WL 485750, at *2; *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 522 n.2 (Tex. App.—Dallas 2011, pet. denied). Because the trial court could have directed the verdict against Hurricane Grill on a ground not challenged on appeal, we conclude that Hurricane Grill has not shown the trial court erred. We resolve appellant's issues against it.

–4–

**CONCLUSION**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120848F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUCKY MERK, LLC D/B/A
GREENVILLE BAR & GRILL, DUMB
LUCK, LLC D/B/A HURRICANE GRILL,
AND GREG MERKOW, Appellants

No. 05-12-00848-CV　　　V.

GREENVILLE LANDMARK VENTURE,
LTD AND GREENVILLE LANDMARK
VENTURE GP, LLC, Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. 10-02411-D.
Opinion delivered by Justice Lang-Miers.
Justices Myers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Greenville Landmark Venture, Ltd and Greenville
Landmark Venture GP, LLC recover their costs of this appeal from appellants Lucky Merk, LLC
d/b/a Greenville Bar & Grill, Dumb Luck, LLC d/b/a Hurricane Grill, and Greg Merkow.

Judgment entered this 15th day of July, 2014.